No. 10,219
Orleans

---

HIPPOLYTE JOHNSON v. OTTO B. SCHOENFIELD, Appellant

---

(November 30, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Evidence—Par. 58, 59.

In a suit for unpaid balance of contract price for work and labor done, defendant, who admits the contract but

contends that the balance of price is not due because work is not completed, assumed the burden of proving this fact.

Appeal from First City Court, Section "C", Hon. William V. Seeber, Judge.

This is a suit for an unpaid balance due on a contract. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Jesse Benedict Gessner, of New Orleans, attorney for plaintiff, appellee.

E. M. Cahn and William F. Conkerton, of New Orleans, attorneys for defendant, appellant.

BELL, J. Only issues of fact are involved in this suit, which is one for recovery of the unpaid balance of the contract price for work and labor furnished under a verbal agreement by which plaintiff obligated himself to cut and clear certain land belonging to defendant.

Plaintiff alleges that he was employed by defendant to do this work at the agreed price of $40.00 per hundred running feet, and that he completed the work as contracted for, by clearing the land in question to a depth of eight hundred and forty feet. The total amount due him for the work on the basis mentioned is the sum of $360.00 of which amount he has been paid on account $225.00 leaving a balance now due of $105.00.

Defendant admits the contract at the price mentioned, and that $250.00 has been paid on account, but denies liability for the balance claimed, upon the special defense that plaintiff has never burned the stumps, nor removed the rubbish on his land, and that plaintiff had agreed to also make a farm or garden on the land when cleared, but that he has failed so to do.

After the trial judge, accompanied by litigants and counsel in this case, had inspected the land and examined the work done under the contract, there was judg-

ment for plaintiff in the sum of $95.00. Defendant, as his own and only witness, testifies that plaintiff failed to comply with the contract in the manner set out in his answer. The plaintiff and two witnesses working with him on the job all swear that the verbal contract in regard to this work was made by defendant in the presence of all of these witnesses, and that there was positively no stipulation that plaintiff was to remove or burn the stumps or clear away the rubbish, but that all of the stumps and rubbish were to be laid to the side of the sixty-foot roadway or clearance made upon the land. There is also a preponderance of testimony against any agreement concerning a garden or farm. The trial judge seems to have made an allowance for plaintiff's failure, made evident to him, in respect to the removal of a few of the stumps. This allowance or deduction was fixed by the judge at $10.00.

Plaintiff has not appealed nor answered the appeal. The judgment, in all respects, seems to be correct. It should therefore be affirmed.